IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BRIAN G. WEST, Individually and as Personal Representative of the Estate of Jo Ann Mathis West, and BILLY GORDON WEST, Individually; <br><br> Plaintiffs, <br><br> v. <br><br> HOME DEPOT U.S.A., INC., <br><br> Defendant. | Case No.: 20av99999 <br><br> COMPLAINT <br> (Jury Trial Demanded) |

That the Plaintiffs above named, complaining of the Defendants herein would show this Honorable Court the following:

## JURISDICTION AND VENUE

1. The Plaintiff, Brian G. West, is the duly appointed, qualified, and acting personal representative of the Estate of his mother, Jo Ann Mathis West, as defined by South Carolina Code § 62-3-203. Brian G. West is a citizen and resident of Greenville County, South Carolina.

2. Pursuant to South Carolina Code § 15-51-20, Plaintiff Brian G. West as personal representative, has standing to pursue this action on behalf of the estate of Jo Ann Mathis West and the wrongful death beneficiaries.

3. The Plaintiff, Billy Gordon West ("Mr. West"), is the husband of Jo Ann Mathis West. Mr. Billy Gordon West is a citizen and resident of Greenville County, South Carolina.

4. The Decedent, Jo Ann Mathis West ("Mrs. West'") was survived by her late husband, Billy Gordon West of the home; one son, Brian G. West; two sisters, Barbara Jean Bradley and Roie Johnson; and one granddaughter, Savannah W.

5. Upon information and belief, the Defendant HOME DEPOT U.S.A., INC. ("Home Depot") is a business incorporated under the laws of the State of Delaware, transacting business and deriving substantial revenue in Greenville County and across this State.

6. Further, at all times relevant herein, Defendant was doing business as Home Depot, designated as the Home Depot store # 1123-Greer, located at 1385 W. Wade Hampton Blvd., Greer, SC. The Defendant Home Depot U.S.A., Inc. holds itself out as being a retail establishment, open to the public for the purposes of providing various supplies, material, plants and other items of interest to the public which relate in various ways to residential home improvement.

7. Further, at all times relevant herein, while Defendant was doing business as Home Depot, designated as the Home Depot store # 1123-Greer, it owned, operated, maintained and controlled the premises including the parking lot where the Plaintiff's decedent fell on June 11, 2019 located at 1385 W. Wade Hampton Blvd., Greer, SC.

8. At all times relevant herein, all references to the Defendant include the acts and omissions of its agents and servants and employees acting under its control, direction and within the course and scope of their employment.

9. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity and Plaintiff has set forth damages more than Seventy-Five Thousand Dollars ($75,000.00).

## STATEMENT OF FACTS

10. Jo Ann Mathis West was the wife and primary caretaker of Billy Gordon West. Mr. and Mrs. Billy Gordon West looked forward to celebrating their sixty second anniversary in the upcoming year.

11. Mrs. West was a graduate of Greer High School, Class of 1955 and a faithful member of Taylors First Baptist Church for over 45 years. Mrs. West was active in her church, and with her extended family and friends and enjoyed cleaning and gardening, including mowing grass.

12. On or about June 11, 2019 Mr. and Mrs. West left their home and went to eat at one of their favorite restaurants, "South House", in Greer, South Carolina.

13. On their way back home from dinner, Mr. and Mrs. West decided to stop at the Home Depot on Wade Hampton Boulevard to purchase potted plants for their backyard patio.

14. Upon arrival at the Home Depot on Wade Hampton Boulevard, Mrs. West parked their vehicle in a handicap parking place, exited the vehicle, and began to walk across the parking lot towards the gardening center.
15. As Mrs. West walked towards the gardening center she tripped over a wheel stop which posed a tripping hazard due to its improper placement, improper maintenance, and being duplicative. As a result, Mrs. West fell and violently struck her head and face.
16. The area where Mrs. West parked contained wheel stops, bollard posts and handicap signs, merchandise displays, plants, empty plan containers, and palates.
17. Defendant knew or should have known that the area between the parking places and the store was unsafe and posed a hazard to pedestrian travel.
18. Plaintiff is informed and believes that Defendant planned to remove the wheel stops but had not done so at this location.
19. Thereafter, Defendant removed the wheel stop.
20. The impact of the fall immediately resulted in visible injuries to her forehead and bleeding from her face, knees, and hands.
21. The fall was reported to a Home Depot employee, who placed Mrs. West back in her vehicle and sent her home.
22. That evening, around 10:45 p.m., Mrs. West became unresponsive while she suffered from uncontrollable vomiting as a result of head trauma.
23. EMS was dispatched to the West residence. Upon arrival EMS attempted to suction and clear Mrs. West's airways and she was intubated. Mrs. West then "coded" while in the driveway and had be resuscitated prior to transport. Mrs. West was then transported to Greenville Memorial Hospital as a Level 1 trauma and ultimately admitted to the ICU.
24. As a result of the fall Mrs. West suffered a catastrophic head injury from which she would never recover, and her family was so informed as they maintained a vigil by her hospital bedside.
25. On June 14, 2019 Mrs. West passed away surrounded by her family.
26. The cause of Mrs. West death was "blunt force trauma to head."
27. On June 18, 2019 family, friends, and the Taylors First Baptist Church gathered to celebrate the life of Mrs. West. There the Faith Sunday School class of Taylors First

Baptist Church, the Sunday school class of which she was a member for 45 years, served as honorary pallbearers.

28. Thereafter, Mrs. West was placed in her final resting place.

## FOR A FIRST CAUSE OF ACTION
## (NEGLIGENCE, GROSS NEGLIGENCE, AND RECKLESSNESS)

29. Plaintiffs incorporate each and every allegation above as if repeated herein verbatim.

30. Plaintiff Billy West and Plaintiff's decedent Joann West were business invitees on the Defendant's premises and at all times relevant to this action were on Defendant's property with the express and/or implied permission of Defendant and for the purpose of benefitting Defendant.

31. By operating a property and facility open to the public, Defendant owed its business invitees, including Plaintiff, a duty of care to discover risks and dangerous conditions and to take safety precautions to either eliminate unreasonable risks or properly warn of such risks and dangers and to not create unreasonably dangerous or hazardous conditions without proper precautions and warnings.

32. At the time and place described above, Defendants breached the duty of care it owed Plaintiffs and was negligent. Specifically, Defendant's conduct was negligent, grossly negligent, reckless, willful and/or wanton by and through its acts or omissions in one or more of the following particulars:

    a. In failing to exercise ordinary care to maintain and keep its property in a reasonably safe condition for use by its business invitees;

    b. In failing to warn Plaintiff of the dangerous condition of the property when it could have easily done so;

    c. In failing to implement preventive measures, procedures or policies designed to eliminate or reduce such dangerous conditions and the hazards posed therefrom;

    d. In failing to implement preventive measures, procedures or policies designed to eliminate or reduce such dangerous conditions and the hazards posed therefrom, particularly relating to the supervision of vendors and contractors;

    e. In failing to exercise the reasonable care, skill and prudence exercised by

       an ordinary, reasonable retail property owner, operator, lessee and store owner under the circumstances;

f. In failing to properly remedy the dangerous condition after it knew or should have known, through reasonable diligence, that the dangerous condition existed;

g. In failing to properly supervise, instruct, train and discipline its employees in the manner in which to inspect and discover and report and reduce such hazards;

h. By failing to provide appropriate supervision and management regarding both the development and implementation of policies and procedures regarding merchandise vendors at the store;

i. In allowing vendors and/or employees to negligently place merchandise and other items in the parking lot;

j. In failing to timely and routinely inspect the parking lot;

k. In failing to take and keep proper video surveillance of the parking lot;

l. In improperly and negligently maintaining the property area;

m. In causing the dangerous condition to exist;

n. In failing to obey the laws, statutes, regulations and ordinances then and there prevailing;

o. In failing to instruct Plaintiff s decedent of alternate route of ingress and egress despite knowing the then-existing dangerous conditions;

p. In creating a trip hazard;

q. In failing to provide flags, cones, or any warning signs; and

r. In failing to protect the safety and interests of Plaintiff's decedent;

s. In creating and maintaining an entrance way which posed hazards to invites, particularly those with disabilities and handicaps;

t. In failing to provide warnings;

u. In failing to render aid to an injured invitee or to act consistently with its policies and procedures regarding injured patrons, particularly those who the defendant knew or should have known were in imminent danger of serious bodily harm dues to injuries sustained on its premises;

  v. In placing the Plaintiff's decedent in a position of peril and failing to render aid consistent with its policies and procedures regarding injured patrons, particularly those who the defendant knew or should have known were in imminent danger of serious bodily harm dues to injuries sustained on its premises;

  w. In voluntarily taking certain actions regarding Plaintiff's decedents fall, but failing to use due care by:

    i. Failing to call EMS or other medical personnel;

    ii. Placing Plaintiff's s decedents into her vehicle;

    iii. Allowing the 81-year-old Plaintiff's decedent to drive and leave the premises with an obvious head injury;

    iv. By Defendant's discontinuation of aid or protection and leaving Plaintiff in a worse protection than when Defendant took charge;

    v. In failing to implement preventive measures, procedures or policies regarding injured customers;

    vi. In failing to provide and enforce policies and to properly supervise, instruct, train and discipline its employees in the manner in which to discover, report and render aid injured customers;

    vii. In failing to follow internal measures, procedures or policies regarding injured customers; and

    viii. In such other ways as discovery and at trial may prove.

33. As a direct and proximate result of Defendants' negligence, gross negligence, recklessness, willfulness, and/or wantonness in regard to this incident, Plaintiff decedent Jo Ann Mathis West suffered severe injuries, pain and suffering, anxiety, stress, substantial medical bills, death, and such other injuries and losses as discovery and trial may prove, all past, present. Specifically, the harms and losses arising as a direct and proximate result of the Defendant's acts and/or omissions include the following:

  a. Injuries about her body;

  b. Decreased levels of cognition, health, and consciousness;

    c. Pain, suffering, stress and anxiety;

    d. Loss of enjoyment of life;

    e. Loss of dignity;

    f. Fall with injuries;

    g. Closed head injury, brain bleed, and subdural hematoma;

    h. Permanent impairment, scarring, and disfigurement;

    i. Swallowing difficulties;

    j. Decreased hydration and nutrition;

    k. Underwent hospitalization, medical procedures, surgeries, and therapies which were otherwise unnecessary;

    l. Medical expenses;

    m. Loss of mobility;

    n. Death; and

    o. In such and further ways as discovery and trial shall prove.

34. As a result, Plaintiffs are entitled to an award of actual and punitive damages.

## FOR A SECOND CAUSE OF ACTION
### (S.C. Code § 15-5-90: Survival Action)

35. Plaintiffs incorporate each and every allegation above as if repeated herein verbatim.

36. The Estate of Jo Ann Mathis West was opened in Greenville County, South Carolina, and her son, Brian G. West was appointed as Personal Representative of the Estate. This action is brought pursuant to the Statutory Provisions for the Survival Actions, pursuant to South Carolina Code of Laws, including SC Code Section 15-5-90 and related sections and pursuant to the Common Laws of the State of South Carolina. Further, this action is brought on behalf of heirs of the Estate of the deceased, JoAnn M. West, pursuant to the Laws of the State of South Carolina. The heirs include her husband Billy Gordon West and her son Brian G. West.

37. The Plaintiff as the Personal Representative of the Estate of Jo Ann Mathis West brings this claim for the conscious pain and suffering and other damages that the deceased Jo Ann Mathis West experienced as a direct and proximate result of the negligence, gross negligence, recklessness, willfulness, and/or wantonness of the Defendant HOME DEPOT U.S.A., INC.,

38. As a direct and proximate result as a direct and proximate result of the negligence, gross negligence, recklessness, willfulness, and/or wantonness of the Defendant HOME DEPOT U.S.A., INC. as more fully set forth above, caused decedent to be admitted to the ICU for the three days prior to passing away due to a catastrophic brain injury, and to sustain the harms and losses as outlined above.

## FOR A THIRD CAUSE OF ACTION
### (S.C. Code § 15-51-10 et seq.: Wrongful Death)

39. Plaintiffs incorporate each and every allegation above as if repeated herein verbatim.
40. The Estate of Jo Ann Mathis West was opened in Greenville County, South Carolina, and her son, Brian G. West was appointed as Personal Representative of the Estate.
41. The Plaintiff as the Personal Representative of the Estate of Jo Ann Mathis West brings this claim pursuant to the wrongful death provision of South Carolina Code of Law 15-79-125 and pursuant to the Common Law of the State of South Carolina.
42. Further, this action is brought on behalf of statutory beneficiaries of the Estate of the deceased, JoAnn M. West, pursuant to the Laws of the State of SC.   The statutory beneficiaries include her husband Billy Gordon West and her son Brian G West.
43. As a direct and proximate result of the defendants acts and omissions, as set forth above,  Jo Ann Mathis West suffered and died and decedents family members suffered emotionally having witnessed her demise and further sustained additional actual damages including but not limited to funeral and burial expenses, medical expenses, the loss of the decedents income and services, as well as her wisdom, experience, judgment, care, companionship and protection.
44. Finally, Billy Gordon West, as husband and companion has suffered damages as more fully set forth below, the same being incorporated herein by reference.

## FOR A FOURTH CAUSE OF ACTION
### (LOSS OF CONSORTIUM)

45. Plaintiffs incorporate each and every allegation above as if repeated herein verbatim.
46. That Plaintiff Billy Gordon West was the husband of Plaintiff s decedent Jo Ann Mathis West. Jo Ann Mathis West was the primary caretaker of her husband, Billy Gordon West.
47. As a result of the Defendant's conduct set forth more specifically above, Plaintiff Billy Gordon West has suffered actual damages including grief and sorrow, mental shock and suffering, deprivation of the use and comfort of Jo Ann Mathis West's society, loss of  Jo

Ann Mathis West's experience, knowledge, and judgement in managing the families affairs, the companionship, consortium, income, and the value of the services of his wife, Jo Ann Mathis West. Additionally, Plaintiff Billy Gordon West is expected to incur substantial financial losses and hardship due to being unable to care for himself.

48. That as a result, Plaintiff is entitled to judgement against the Defendants for actual and punitive damages as determined by the trier of fact.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant as to all causes of action for the following:

a. For actual damages in an amount in excess of $75,000;

b. For punitive damages in a reasonable sum to be determined by the trier of fact;

c. For the costs and disbursements of this action; and

d. For such other and further relief as this Court deems just and proper.

The Plaintiffs request a jury trial.

DAVIS LAW GROUP, LLC

s/*S. Willingham Davis*
Richard V. Davis
Federal Court ID: 449
S. Willingham Davis
Federal Court ID: 11998
Post Office Box 5576
Greenville, South Carolina 29606
Phone: (864) 999-2019
Fax: (864) 752-1611
ric@davis.law
will@davis.law
**ATTORNEYS FOR PLAINTIFFS**

Greenville, SC
Date: March 27, 2020